MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant, *v.*
TAILORED WOMAN, INC., Respondent.

Argued November 29, 1954; decided December 31, 1954.

*Philip Feldman* and *M. James Spitzer* for motion.
*George A. Spiegelberg* opposed.

*Per Curiam.* Defendant moves for an order dismissing two appeals to this court taken, as of right, by plaintiff pursuant to notices of appeal dated March 24, 1954, and October 14, 1954, upon the ground that neither appeal is taken from the judgment finally determining the action.

On May 5, 1953, a final judgment in an action in the sum of $129,331.77, was entered in the office of the clerk of the County of New York in plaintiff's favor. On appeal the Appellate Division modified that judgment, awarding costs of the appeal to the defendant and referring the matter to an Official Referee to determine the damages, if any, to which plaintiff was entitled. On February 10, 1954, judgment was entered thereon. By notice of appeal dated March 24, 1954, plaintiff has taken an appeal seeking a review of that determination. Such appeal must be dismissed for the reason that neither a direction for a reference nor an award of costs is a final determination.

Following entry of the judgment of February 10, 1954, the Appellate Division resettled its order so as to direct that the judgment of May 5, 1953, be modified by providing that plaintiff recover $6,799, with interest and costs " in lieu of the present judgment for the sum of $129,331.77 and that said judgment as so modified be * * * affirmed ", with costs of the appeal to the defendant. The order concluded with the sentence: " Let judgment be entered accordingly ".

Section 621 of the Civil Practice Act provides that, in a case such as this, a certified copy of the order of the Appellate Division made upon appeal shall be transmitted to the clerk of the Supreme Court and " The judgment, if any, rendered or directed, pursuant to any such order, shall be entered by " such clerk. Accordingly, the clerk of the Supreme Court, New York County, should have entered a judgment on the resettled order of the Appellate Division dated June 8, 1954, pursuant to the direction of that court contained in said resettled order. The appeal to this court should then have been taken from that judgment for section 591 of the Civil Practice Act, which deals with appeals to this court, provides that in an action the appeal may be taken only " from the judgment entered in the office of the clerk of the court to whom the certified copy of the order of the appellate division was transmitted as prescribed in section six hundred and twenty-one of this act ".

For reasons which do not appear in the papers on this motion, the clerk of the Supreme Court, New York County, did not enter such a judgment. Instead, on August 18, 1954, an order was made at Special Term, Supreme Court, New York County, directing the clerk of New York County (a) to modify the judgment of May 5, 1953, by providing that plaintiff recover from defendant the sum of $6,799, with interest and $190.70, as costs, in lieu of the judgment for the sum of $129,331.77, and (b) to amend the judgment of February 10, 1954, in accordance with the resettled order of the Appellate Division.

We are told that on August 20, 1954, the clerk of the County of New York took the following action:

(1) on the judgment of May 5, 1953, he " noted ":
" August 20, 1954
Judgment modified by reducing the sum of $129,331.77 to $6,799.00 with interest from June 15, 1947 plus $190.70 costs by order of Court filed August 18, 1954.";

(2) on the judgment of February 10, 1954, he " noted "
" August 20, 1954
Judgment modified as per attached order filed August 18, 1954 ".

On October 14, 1954, plaintiff served a second notice of appeal. Counsel for plaintiff deposes that by this notice plaintiff appealed from each and every order and judgment which modified the judgment of May 5, 1953. It is his position that an appeal from everything which modifies the judgment of May 5, 1953, is an appeal from the judgment of May 5, 1953, as modified by everything that occurred thereafter.

This argument assumes that an appeal from the judgment of May 5, 1953, as modified by the orders of the Appellate Division thereafter entered, would be proper. We disagree. The judgment of May 5, 1953 — the only final judgment entered in this action — was entered *prior* to the final modification by the Appellate Division. The clear meaning of the language of section 591 of the Civil Practice Act, quoted above, is that an appeal to this court, in an action such as this, may be taken *only* from a judgment entered by the clerk of the Supreme Court *after* the Appellate Division has rendered its determination. No such judgment has been entered here. Orderly procedure and established practice required the clerk to enter a new and addi-

tional paper carrying appropriate recitals from which additional paper the plaintiff could appeal to this court (see Cohen and Karger, Powers of the New York Court of Appeals, pp. 107–108). All that the clerk did here was make notations on the original judgments. When a proper judgment has been entered the plaintiff may serve a new notice of appeal, for the sixty-day time limit within which an appeal must be taken, as of right, runs from the date of written notice of entry of the judgment appealed from except where it is entered by the appealing party in which case the time runs from the date of entry (Civ. Prac. Act, § 592, subd. 1).

Motion to dismiss appeals granted and appeals dismissed, without prejudice to the right to appeal from a final judgment entered upon the resettled order of the Appellate Division.